UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 14-CR-0374 (PJS/JSM)

                        Plaintiff,

v.                                                        ORDER

LEVI WAYNE BURNS,

                        Defendant.

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for
plaintiff.

Robert W. Owens, Jr., OWENS LAW, LLC, for defendant.

Defendant Levi Burns is charged with possessing and distributing child

pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2).

Defendant moved to suppress evidence found after law enforcement searched his home

pursuant to a search warrant.  This matter is before the Court on defendant's objection

to the March 10, 2015 Report and Recommendation ("R&R") of Magistrate Judge Janie

S. Mayeron.  Judge Mayeron recommends denying defendant's motion to suppress

evidence.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R.

Crim. P. 59(b).  Based on that review, the Court adopts the R&R.

Defendant essentially objects that the affidavit in support of the search warrant

was misleading—not because any of its contents were untruthful, but because the

language in the affidavit was so "obscure" and "hyper-technical" that it was "only understandable to experts."  Defendant's objection is meritless for a number of reasons:

First, if defendant is correct that the affidavit was misleading *on its face* because of "obscure" and "hyper-technical" language, then defendant should have timely moved for a *Franks* hearing.  He did not.

Second, the affidavit is not misleading—on its face or otherwise.  In his objection, defendant describes a number of incorrect conclusions that he claims a non-expert would reach based on the contents of the affidavit.  But the Court did not reach any of these conclusions after reading the affidavit, even though the Court, like the judge who signed the search warrant, is a judicial officer rather than a computer expert.

Third, even if the affidavit was misleading, defendant has not identified any information that, had it been included in the affidavit, would have altered the probable-cause determination.  *See United States v. Williams*, 477 F.3d 554, 557-58 (8th Cir. 2007).  It bears emphasizing that investigators *did* download one "watchable" video segment from defendant's computer, that investigators watched that video segment, and that the affidavit accurately described the contents of that video segment.  The presence of that one video segment on defendant's computer—in and of itself—provided probable cause for a search of his home.  *See United States v. Harner*, No. 09-CR-0155, 2009 WL 2849139,

at *1 (D. Minn. Sept. 1, 2009) (finding probable cause where officer "downloaded and viewed a portion of one file"), *aff'd*, 628 F.3d 999 (8th Cir. 2011).

As to the other files, the investigators matched them to reference files that had previously been viewed and that the affidavit accurately described. The descriptions detailed the contents of the files, including the approximate ages of the individuals portrayed and their actions. This is sufficient to establish probable cause. *See United States v. Cartier*, 543 F.3d 442, 445-46 (8th Cir. 2008) (finding probable cause where officers relied on a foreign law enforcement agency's list of files "known to be child pornography," without suggesting that officers personally downloaded or viewed any files).

For these reasons—and for the additional reasons stated in the R&R—the affidavit fully supported the finding of probable cause. Needless to say, the Court also concludes that, even if the state judge who issued the search warrant, Judge Mayeron, and the undersigned are all incorrect about the adequacy of the affidavit, the *Leon* good-faith exception would apply, and thus the evidence seized during the search of defendant's home would not be suppressed. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant's objection [ECF No. 46] and ADOPTS the March 10, 2015 R&R [ECF No. 45].  IT IS HEREBY ORDERED THAT defendant's motion to suppress evidence [ECF No. 32] is DENIED.


Dated: April 16, 2015                               s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge