UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0374 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| LEVI WAYNE BURNS, | |
| Defendant. | |

---

Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the June 4, 2015 hearing, IT IS HEREBY ORDERED THAT:

1. The government's motions in limine [ECF No. 61] are GRANTED IN PART AND DENIED IN PART as follows:

    a. The government's motion in limine to preclude defendant and his attorney from referring to the potential penalties that defendant will face if convicted is GRANTED.

    b. The government's motion in limine to sequester potential witnesses under Fed. R. Evid. 615, with the exception of the government's case agent, is GRANTED IN PART AND DENIED IN PART. All witnesses will be sequestered, with the exception of the government's case agent and Jeffrey Wold.

  c. The government's motion in limine to admit certain evidence under Fed. R. Evid. 404(b) is GRANTED IN PART AND DENIED IN PART.

    1. The government's motion to admit defendant's possession of child pornography beyond the files identified in the indictment is GRANTED IN PART AND DENIED IN PART. The government may introduce testimony and other evidence that the defendant possessed child pornography beyond the files identified in the indictment, but the government may not introduce the child pornography itself into evidence.

    2. The government's motion to admit investigatory screen shots of defendant's uploading of child-pornography files to μTorrent is GRANTED.

    3. The government's motion to admit defendant's 2005 conviction for Criminal Sexual Conduct in the Third Degree and defendant's 2009 probation violation is DENIED.

  d. The government's motion in limine to preclude defense expert Jeffrey M. Wold from testifying about defendant's motives and

       subjective intent is DENIED WITHOUT PREJUDICE. The Court will rule on objections to specific testimony at trial.

2. Defendant's motion in limine to preclude the government from introducing evidence of defendant's 2005 conviction for Criminal Sexual Conduct in the Third Degree and defendant's probation violations [ECF No. 55] is GRANTED.

3. Defendant's motion in limine to preclude the government from publishing to the jury certain evidence [ECF No. 57] is DENIED. Specifically:

    a. Defendant's motion to preclude the government from publishing to the jury any images or video other than the three minutes of video that Officer Hanson allegedly downloaded from defendant's computer is DENIED. The Court will revisit this ruling if defendant pleads guilty to Count 2 of the indictment, as the Court has been informed he intends to do.

    b. Defendant's motion to preclude the government from publishing to the jury any images or video in support of Count 2 of the indictment is DENIED. The Court will revisit this ruling if defendant pleads guilty to Count 2 of the indictment, as the Court has been informed he intends to do.

4.  Defendant's motion in limine to preclude the government from introducing evidence regarding defendant's "jail house" telephone calls [ECF No. 69] is DENIED.  Specifically:

    a.  Defendant's motion to preclude the government from introducing the "jail house" telephone call from May 30, 2015, is DENIED.

    b.  Defendant's motion to preclude the government from introducing into evidence what defendant told his father to communicate to defendant's attorney is DENIED.

5.  Defendant's motion for an order requiring the government to provide copies of all "jail house" conversations that are in its possession or that agents of the government have heard [ECF No. 70] is DENIED AS MOOT.

6.  Defendant's motion to suppress "evidence disclosed . . . [on] June 2, 2015, at 2:43 p.m., as untimely" and for a ruling that "the bandwidth test that Officer Hanson ran 'in preparation for Court testimony' is not a statement within the meaning of Jencks Act" [ECF No. 71] is DENIED.

Dated: June 4, 2015

 s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge