UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 14-CR-0374 (PJS/JSM)

                    Plaintiff,

v.                                                        ORDER

LEVI WAYNE BURNS,

                    Defendant.

Defendant Levi Wayne Burns pleaded guilty to possessing child pornography

and was convicted by a jury of distributing child pornography.  ECF No. 104.  On

December 3, 2015, Burns was sentenced to 252 months' imprisonment.  *Id.*  Burns did

not file a direct appeal.

On November 30, 2016, Burns placed in his prison's internal mailing system a

motion seeking an extension of time to file a motion to vacate, set aside, or correct his

sentence under 28 U.S.C. § 2255.  ECF No. 109.  That motion was received by the Court

the next day, December 1, 2016.  *Id.*

A motion under § 2255 must be filed within one year after the date on which the

judgment of conviction becomes final (which is not the same as the date on which the

judgment of conviction was entered).  28 U.S.C. § 2255(f)(1); *see Anjulo-Lopez v. United*

*States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (when defendant does not appeal, judgment

of conviction becomes final when period for filing a notice of appeal expires).  Burns has

identified no authority that would allow this Court to prospectively extend this

deadline, and the Court is not aware of any such authority.[1]  Therefore the Court must

deny Burns's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the motion of defendant Levi Wayne Burns for an

extension of time to file a motion under 28 U.S.C. § 2255 [ECF No. 109] is DENIED.


 Dated: December 7, 2016                     s/Patrick J. Schiltz_____
                                            Patrick J. Schiltz
                                            United States District Judge

---

[1]If Burns files a § 2255 motion—and if the government raises the statute of limitations as a defense—the Court may or may not have authority to equitably toll the deadline, depending on the reasons for the late filing.  *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999).  But the Court has no authority to extend the deadline before a § 2255 motion is filed.